Filed 7/18/24  3H Investments v. Duncan CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

|  |  |
|---|---|
| 3H INVESTMENTS, LLC, et al.,<br><br>    Plaintiffs and Respondents,<br><br>        v.<br><br>KATHLEEN DUNCAN, as Trustee, etc.,<br><br>    Defendant and Appellant. | G062641<br><br>(Super. Ct. No. 30-2019-01106394)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed in part, reversed in part and remanded with instructions.

Thomas Vogele & Associates, Thomas A. Vogele and Brendan M. Loper for Defendant and Appellant.

Law Office of Grant K. Peto and Grant K. Peto for Plaintiffs and Respondents.

## INTRODUCTION

Kathleen Duncan has appealed a postjudgment order denying her motion for contribution from Airport Storage, LLC, a company that she managed for several years. After an arbitration, Melissa Priest, Richard Priest, and 3H Investments, LLC (3H) (collectively respondents) obtained a judgment for withheld distributions, costs, and attorney fees. Duncan asserts she and Airport Storage were joint judgment debtors and Airport Storage therefore is liable to her for contribution on a pro rata basis after she paid the entire judgment.

Duncan's motion in the trial court requested indemnity, contribution from Airport Storage as a joint tortfeasor, and contribution from Airport Storage as a "judgment debtor[] jointly liable on a money judgment." (Code Civ. Proc., § 882.)[1] On appeal, however, she has abandoned the first two grounds. She now seeks contribution from Airport Storage solely on the ground that it is jointly liable with her on a money judgment.

The trial court ruled on her request for indemnity and for contribution from Airport Storage as a joint tortfeasor, denying them both. As Duncan does not dispute this aspect of the order on appeal, we affirm it. The trial court, however, did not rule on the request for contribution from Airport Storage as a jointly liable judgment debtor. We therefore return the matter to the trial court to make a ruling on this issue in the first instance.

## FACTS

In 2006, Duncan, Chris Hoskins, Melissa Priest, and Richard Priest took title to a self-storage center in Chico by the name of Apple Mini Storage. They formed Airport Storage in 2008, with Duncan holding the majority interest in the limited liability

---

[1] All further statutory references are to the Code of Civil Procedure.

company. They signed but did not record a quitclaim deed transferring their interests in the property to Airport Storage.

In 2008, Hoskins replaced Airport Storage's management company, Bayview Investments, with Reliable Property Management, a company he owned with a business partner, Brian Hauser. Hauser proceeded to embezzle $70,000 from the company. Duncan took over management in 2010. In 2011, Hoskins assigned his interest in Airport Storage to 3H.

In 2016, Duncan sued Hoskins based on allegations that do not directly involve Airport Storage. In 2019, respondents sued Duncan and Airport Storage. Pursuant to an arbitration provision in the company's operating agreement, the matter was sent to arbitration. A hearing in arbitration was held from September 20 to September 23, 2021. After the hearing, the parties filed postarbitration briefs, in which they made their requests to the arbitrator as to the provisions of the award.

According to the arbitrator, "[m]any facts and disputed assertions regarding the management of the business were presented at the arbitration hearing." Among these were disagreements about characterizations of roof repairs as expenses rather than capital improvements and about members' access to company financial records. The arbitrator mentioned other disputes, but held that the award "will be limited in length as that is all that is necessary for proper resolution."

The core of the claims against Duncan was the alleged breach of her fiduciary duty to other members as company manager. The arbitrator found that respondents' witnesses were "more credible over all" and that Melissa Priest and Richard Priest "were particularly believable in their concerns about Duncan's self-interested conduct hurting their modest retirement investment." He also found respondents' expert "particularly credible" in pointing out breaches of Duncan's fiduciary duty. Duncan ignored Hoskins' assignment of his interest in Airport Storage to 3H, damaging him by continuing to issue distribution checks and K-1 forms to him personally. Her actions

3

during efforts to sell Airport Storage's real property favored her unrelated personal interests. She withheld company records from respondents. The arbitrator concluded that Duncan had "breached her fiduciary duties of loyalty, care, and good faith."

The arbitrator ruled that Airport Storage had to be dissolved, and he appointed respondents to wind it up. He awarded $176,280 in withheld distributions to 3H and costs to respondents. He also stated respondents "have not sufficiently established their other claims." For her part, Duncan asked to be allowed to buy out the other parties if Airport Storage was to be dissolved. The arbitrator ruled that she could return to the arbitrator to ask for this relief if the matter could not be resolved otherwise.

After the arbitration award was issued in November 2021, a further hearing took place on January 26, 2022, concerning additional motions briefed during the previous December. The arbitrator agreed to rule on the following issues: an alleged miscalculation of damages, costs, attorney fees, prejudgment interest, and a "request Duncan return [Airport Storage] funds used to defend the action[.]" The parties agreed to a baseball arbitration as to attorney fees.

The arbitrator issued his "Order on Concluding Matters" on March 28, 2022. The order confirmed the amount of withheld distributions ($176,280), denied prejudgment interest, calculated costs ($11,240), and awarded attorney fees of $211,600. Concerning respondents' request that Duncan be ordered to return Airport Storage funds used to defend the action, the arbitrator stated, "[respondents] seek a ruling that 'Duncan is not entitled to indemnity for her active negligence and breaches of fiduciary duties to [respondents].' [Citation.] This raises difficult issues. It was appropriately raised by [respondents] in their Post-Arbitration Opening Brief, and accordingly fully considered by the Arbitrator in issuing the Arbitration Award. The Arbitrator sought equity in ruling on the various requests for damages, particularly as related to fiduciary issues. The amount at issue in Section 3.1 was awarded and other amounts were not. The fiduciary in this case faced difficult challenges, such as the embezzlement by Hausner, the business

4

partner of Hoskins. True, at times, her performance was improper in these difficult circumstances. But the Arbitrator considered all the difficult circumstances in making the Award and [respondents'] burden of proof, and it is inappropriate now to change that Award. [¶] The Arbitrator DENIES [respondents] the relief sought denying indemnity to Duncan."

In April 2022, respondents made yet another motion before the arbitrator, one "'to Rule on Issues Presented But Not Yet Determined[.]'" The arbitrator identified one issue as being "who is to pay the costs and [attorney] fees." The arbitrator noted, "[g]oing back to when the Arbitration Award was made, the Arbitrator looked to [respondents] to make argument on the allocation they now seek, but could not find any allocation argument sufficiently supported." The arbitrator observed that respondents "prevailed in their arbitration against . . . Duncan (perhaps in more than one capacity) and Airport Storage . . . . But [respondents] have not shown how the burden of payment should be allocated among [Duncan and Airport Storage]." He suggested that, "[i]f the parties cannot work out an allocation," the disputed amount could be placed in escrow for formal briefing or determined through another baseball arbitration.

The arbitrator then noted respondents "also argue that the Arbitrator failed to determine other issues. Not so. For many reasons, including those described in [Duncan and Airport Storage's] [o]pposition, the Arbitrator carefully considered and determined all issues properly presented to him. As one example, the issue of indemnification continues to be raised, but the Arbitrator has addressed and ruled upon that issue numerous times." He also stated respondents "look to provisions concerning costs in the paragraph 12.10 of the [o]perating [a]greement, but those costs must be *reasonable*. The Arbitrator finds that it was not sufficiently shown that some requested costs were reasonably incurred in this matter that could have been much simpler and less expensive. Also, Paragraph 12.5 of the [Airport Storage] [o]perating [a]greement states that 'costs of the arbitration . . . shall be borne equally by the parties to the arbitration.'

5

The relationship of this clause with other clauses and the law has not been sufficiently reviewed.  Again, the Arbitrator considered all matters presented to him, weighed a variety of competing concerns, including burdens of proof, reasonableness, and equities where appropriate, and decided all issues presented, including those [respondents] now argue may not have been determined." The arbitrator declined to grant the relief sought by the motion.

Respondents filed two ex parte applications to confirm the award.  The trial court held a hearing on May 31, 2022, regarding the wording of the judgment.  Duncan opposed the entry of the proposed judgment in part on the ground that it did not include indemnification for her.

On August 25, 2022, the court entered judgment based on the arbitrator's award.  The judgment (1) ordered the dissolution of Airport Storage, (2) appointed respondents to wind up the company, (3) awarded $176,280 to 3H, plus interest from the date of the judgment, and (4) awarded costs to respondents as prevailing parties, arbitration costs of $11,240, and attorney fees of $211,600.  The judgment did not include a provision regarding indemnification.  The trial court noted in its minute order granting the petition to confirm the award that, "[w]hile [respondents'] motion to deny indemnification was denied by the arbitrator, the arbitrator did not change the [a]ward."

On October 5, 2022, Duncan moved in the trial court for indemnity or contribution.  Her counsel asserted that she had paid the entire judgment, including the costs and attorney fees, in the amount of $399,120, out of her personal share of the proceeds from the sale of Airport Storage's property.  She asked for either indemnity or contribution from Airport Storage.  The statutory basis for contribution was either sections 875 and 878 or section 882.

6

On March 14, 2023, the trial court denied both contribution under section 878[2] and indemnity. As to contribution, the trial court stated contribution is discretionary under section 878. The trial court found important that the arbitrator's findings of wrongdoing focused on Duncan alone, and the arbitrator mentioned Airport Storage only to rule that it had to be wound up and to appoint respondents to oversee this process. The trial court also noted the arbitrator awarded $176,280 to 3H in wrongfully withheld distributions, but did not explain who was to pay this amount, did not state Duncan and Airport Storage were jointly and severally liable, and did not say Airport Storage is a tortfeasor. The trial court highlighted that "[t]he Arbitrator invited the parties to submit additional briefing on the subject of allocation but, for some reason, it appears that such briefing did not take place."

As to indemnity, the trial court declined to allow it. "[T]he Arbitrator had numerous opportunities to grant indemnity but only stated that it would not deny indemnity. Thus, the Arbitrator neither granted nor denied indemnity and the Court will not disrupt the Award on this issue."

Duncan has appealed from this order.

**DISCUSSION**

Although Duncan asked the trial court for both indemnity and contribution, on appeal she has narrowed the issues to whether she is entitled to contribution from Airport Storage under section 882, which provides in pertinent part: "If two or more judgment debtors are jointly liable on a money judgment: [¶] (a) A judgment debtor who has satisfied more than his or her due proportion of the judgment, whether voluntarily or

---

[2] Section 878 provides: "Judgment for contribution may be entered by one tortfeasor judgment debtor against other tortfeasor judgment debtors by motion upon notice. Notice of such motion shall be given to all parties in the action, including the plaintiff or plaintiffs, at least 10 days before the hearing thereon. Such notice shall be accompanied by an affidavit setting forth any information which the moving party may have as to the assets of defendants available for satisfaction of the judgment or claim for contribution."

7

through enforcement procedures, may compel contribution from another judgment debtor who has satisfied less than his or her due proportion of the judgment."

The trial court did not rule on this issue. The minute order ruling on Duncan's motion is confined to her requests for indemnity and for contribution under section 878[3] as a joint tortfeasor. Among the undecided issues, therefore, are whether Duncan and Airport Storage are both judgment debtors, "jointly liable on a money judgment,"[4] given the arbitrator's reasoning, conclusions, and award, and, if Duncan is entitled to contribution, what her "due proportion" of that contribution would be. She asserts she is entitled to half of the $399,120 judgment; respondents assert, among other things, if the court determines pro rata contribution is appropriate, then she would be entitled to at most one third of the $176,280 awarded for withheld distributions. The court may decide that an equitable contribution is some other amount, if Duncan is entitled to contribution.[5] (See *Pacific Freight Lines v. Pioneer Express Co.* (1940) 39 Cal.App.2d 609, 613 (*Pacific Freight Lines*) ["The doctrine [of contribution] . . . is founded on principles of equity and natural justice . . . ."].)

---

[3] Sections 875 et seq., which includes section 878, refer to contribution among joint tortfeasors. Everyone agrees that Duncan and Airport Storage are not joint tortfeasors, as do we. The only tortfeasor, according to the arbitrator, was Duncan, who breached her fiduciary duties of "loyalty, care and good faith."

[4] Respondents argue on this appeal the judgment is not joint and several. But respondents also have asserted to this court in a separate appeal from this same matter that the arbitration award was joint and several. Specifically, respondents asserted in another appeal that the arbitrator, in denying one of respondents' motions, "left the [a]ward as originally written – against Duncan and Airport Storage, jointly and severally." However, we do not address these other statements further here as we leave to the trial court to decide in the first instance whether Duncan is entitled to contribution under section 882.

[5] Duncan asserts equity has no role in determining the "due proportion" because section 882 does not expressly state that equity can be considered. We disagree. The Law Revision Commission Comment from 1982 for this section notes "[t]his section does not determine the proportionate shares of the obligation on a judgment; the joint judgment debtor's share depends on the circumstances of the case[,]" and it cites, among other things, *Pacific Freight Lines*. Given the unique circumstances of this arbitration, the trial court is not limited to determining contribution on a pro rata basis. Duncan's citation to *Young v. Rosenthal* (1989) 212 Cal.App.3d 96 (*Young*) does not convince us otherwise. *Young* stated, "where there is no apportionment of joint liability made by the judgment or order itself, or dictated by the terms of some underlying instrument, such as a partnership agreement [citation], then the 'due proportion' of the liability of the several judgment debtors shall be calculated on a pro rata basis." (*Id.* at pp. 129-130.) *Young* does not appear to have expressly addressed the issue of whether a court may consider equity. (*Ibid.*)

## DISPOSITION

The matter is remanded to the trial court to consider and rule on whether Kathleen Duncan is entitled to contribution under section 882, subdivision (a), and if so, what her "due proportion" of the contribution is.  The order is otherwise affirmed.  The parties are to bear their own costs on appeal.[6]


                                                    BEDSWORTH, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.

---

[6] We decline to address in the first instance respondents' request for attorney fees on appeal.  While we conclude for this appeal the parties are to bear their own costs on appeal, that ruling does not preclude respondents from seeking in the trial court their attorney fees on appeal.  (See *Stratton v. Beck* (2018) 30 Cal.App.5th 901, 904, 909-914; Cal. Rules of Court, rule 8.278(d)(2) ["[u]nless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702"].)